**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 15, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

YEHIA HASSEN,

    Defendant - Appellant.

No. 22-3079
(D.C. No. 2:07-CR-20099-JWL-4)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **ROSSMAN**, Circuit Judges.
_____

Yehia Hassen appeals pro se from the district court's denial of his second pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1] Our jurisdiction arises under 28 U.S.C. § 1291. Because Mr. Hassen has not shown the district court abused its discretion, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Hassen's pro se filings. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

I.     **Background**

Mr. Hassen pleaded guilty in July 2009 to conspiracy to distribute and possession with intent to distribute 1,000 kilograms or more of marijuana and 5 kilograms or more of cocaine, as well as attempted money laundering.  Mr. Hassen did not appear for his scheduled sentencing hearing in 2010.  He remained a fugitive until he was arrested in Cyprus in April 2016 and extradited back to the United States.  At his sentencing, the district court calculated Mr. Hassen's advisory guidelines imprisonment range as 292 to 365 months and sentenced him to a term of 324 months.  Mr. Hassen's projected release date is May 14, 2039.

Mr. Hassen filed his first pro se compassionate-release motion in September 2020.  He argued he was needed at home to help care for his seriously ill son and his parents and aunt who are in poor health.  Mr. Hassen asserted he could work and take care of any family needs outside of the home so his relatives could remain at home to lessen their exposure to COVID-19.  The district court concluded Mr. Hassen had not demonstrated "extraordinary and compelling reasons" to reduce his sentence. 18 U.S.C. § 3582(c)(1)(A)(i).  The court observed Mr. Hassen could expose his son to the virus by going outside the home.  The court stated it was "sympathetic to the difficult circumstances of Mr. Hassen's son's health and the stress his wife undoubtedly faces in caring for their son during the pandemic," but concluded there was no evidence that his son was not receiving adequate care in Mr. Hassen's absence.  Suppl. R., Vol. 2 at 95.

The district court denied Mr. Hassen's first motion on the additional ground that the sentencing factors in 18 U.S.C. § 3553(a), including providing just punishment and promoting respect for the law, did not support compassionate release. The court acknowledged the significant length of Mr. Hassen's sentence but pointed to the considerable quantity of drugs attributed to him. It also observed his decision to remain a fugitive for six years set him apart from his co-defendants who Mr. Hassen asserted had received shorter sentences. The district court concluded that "[t]o release Mr. Hassen at this juncture would fail to recognize the seriousness of Mr. Hassen's total disrespect for the law" and "would constitute a significant and unjustified windfall" when he had served only 25 percent of his sentence. *Id.* at 96.[2]

Mr. Hassen filed a second pro se motion for compassionate release in January 2022. His son was at an increased risk of harm, including death, Mr. Hassen argued, if he contracts COVID-19. To protect his son from exposure to the virus, Mr. Hassen proposed he would live with his son separately from other family members. He further argued his rehabilitation, his disciplinary record, and his level of recidivism risk warranted compassionate release. The district court denied Mr. Hassen's second compassionate-release motion, concluding he had not demonstrated extraordinary and compelling reasons for a sentence reduction.[3]

---

[2] Mr. Hassen did not file a timely notice appealing the district court's ruling on his first compassionate-release motion.

[3] Because the district court concluded that Mr. Hassen had not demonstrated an extraordinary and compelling reason warranting compassionate release, it declined to
(continued)

As to Mr. Hassen's son's serious illness, the district court concluded the record failed to suggest the precautions his wife has taken to protect their son against Covid have not been successful. It observed such mitigating measures seemed to be as effective as the plan proposed by Mr. Hassen. The district court thus disagreed with Mr. Hassen that his plan to protect his son constituted an extraordinary and compelling reason for a sentence reduction in light of the efforts his family had already undertaken since the pandemic started.

The court also found Mr. Hassen's rehabilitation did not justify granting him compassionate release. Noting that rehabilitation, when combined with other specific circumstances, might be sufficient to warrant release, the court concluded that Mr. Hassen's case did not involve such circumstances. Finally, the court concluded "Mr. Hassen's minimal disciplinary record and his alleged low recidivism risk" did not qualify him for compassionate release. *Id.* at 56.

## II.    Discussion

### A.    Legal Background and Standard of Review

Section 3582(c)(1)(A)(i), as amended in 2018 by the First Step Act, allows defendants to move for compassionate release in the district court after exhausting Bureau of Prisons (BOP) administrative remedies. *See United States v. Maumau,*

---

address the other prerequisites for relief. But the court nonetheless "reaffirm[ed] its earlier conclusion that compassionate release under the circumstances described by Mr. Hassen would materially depart . . . from an appropriate § 3553(a) sentence in light of certain aggravating factors underlying Mr. Hassen's sentence." R., Vol. 4 at 54 n.2. The court referenced the factors it had "clearly set forth in prior opinions." *Id.*

993 F.3d 821, 830 (10th Cir. 2021). The district court may grant a motion when it (1) "finds that extraordinary and compelling reasons warrant such a reduction"; (2) "finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "considers the factors set forth in § 3553(a), to the extent that they are applicable." *Id.* at 831; *see also* § 3582(c)(1)(A)(i). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking." *Maumau*, 993 F.3d at 831 n.4 (internal quotation marks omitted). The district court denied Mr. Hassen's second motion for compassionate release because he did not satisfy the first prerequisite: he failed to demonstrate extraordinary and compelling reasons warranting a sentence reduction.

A district court has broad discretion to determine what constitutes "extraordinary and compelling reasons," and that discretion is circumscribed only by the applicable policy statements issued by the Sentencing Commission. *Id.* at 834 (internal quotation marks omitted). Currently, there is no such applicable policy statement. The Sentencing Commission's existing policy statement applies only to motions filed by the BOP; it therefore "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling" when the motion is filed by a defendant. *Id.* at 837 (internal quotation marks omitted).

We review a district court's ruling on a compassionate-release motion for an abuse of discretion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect

5

conclusion of law or a clearly erroneous finding of fact," *id.* (internal quotation marks omitted), or "when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable," *United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010) (internal quotation marks omitted).

### B.    The Serious Illness of Mr. Hassen's Son

Mr. Hassen asserted extraordinary and compelling reasons existed for compassionate release because his son had a serious illness and faced a risk of exposure to COVID-19.  The district court disagreed, noting his son had not contracted the virus more than two years into the pandemic, which suggested Mr. Hassen's family had made efforts to protect his son that seem to be as effective as the plan he proposed.  Mr. Hassen argues that in making these findings, the district court did not give proper weight to the seriousness of his son's illness, including the risk of death if he becomes infected with COVID-19.  He also points to the tremendous level of stress that his wife and other children experience living in the same household as his son.  There is no indication the district court misunderstood or ignored these circumstances in denying Mr. Hassen's second request for compassionate release.  As Mr. Hassen acknowledges, *see* Aplt. Opening Br. at 6, the court "recognize[d] the seriousness of Mr. Hassen's son's illness," R., Vol. 4 at 54. And in denying his first compassionate-release motion, the court noted the stress his family experienced from caring for an ill family member during the pandemic.

6

Mr. Hassen also appears to challenge the district court's assertion that the general wellbeing of his children was an insufficient deterrent when he committed his crimes. The court stated that

> while it is commendable that his son's wellbeing is now forefront in Mr. Hassen's mind, the general welfare of his children (even if his son had not yet been diagnosed with his illness) was an insufficient deterrent at the time he committed his crime and it is not the court's obligation to lessen the burden that Mr. Hassen placed on his family in the first instance.

*Id.* at 54-55. Mr. Hassen maintains that he stopped selling drugs before any of his children were born, which he says shows his intent to change his life before having a family.

The district court was ultimately tasked with exercising its discretion in determining whether Mr. Hassen demonstrated extraordinary and compelling reasons for release based upon his son's serious illness and the risk of his son's exposure to COVID-19. The court did not err in how it received Mr. Hassen's arguments and evidence. Although Mr. Hassen disagrees with the weight assigned by the district court, in reviewing its determination, we cannot reweigh the evidence. *Cf. United States v. Hald*, 8 F.4th 932, 949 (10th Cir. 2021) (rejecting defendant's argument the district court incorrectly weighed the § 3553(a) sentencing factors in deciding a compassionate-release motion because that determination is discretionary and the court did not "have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances" (internal quotation marks omitted)), *cert. denied*, 142 S. Ct. 2742 (2022); *United States v. Canales-Ramos*, 19 F.4th 561, 567 (1st Cir. 2021) (stating district court's

determination the evidence weighed against finding an extraordinary and compelling reason for compassionate release was "a judgment call that falls within the wide compass of the district court's discretion").  While we are sympathetic to Mr. Hassen's family circumstances,  his arguments fail to show the district court's reasoning was "arbitrary, capricious, whimsical, or manifestly unreasonable," *Lewis*, 594 F.3d at 1277 (internal quotation marks omitted).[4]

## B.    Mr. Hassen's Rehabilitation

Mr. Hassen also argued that his rehabilitation constituted an extraordinary and compelling reason warranting his release.  The district court rejected Mr. Hassen's argument.  *See Maumau*, 993 F.3d at 832 ("Rehabilitation of the defendant alone . . . shall not be considered an extraordinary and compelling reason." (quoting 28 U.S.C. § 994(t)).  It observed that, "while some courts have found extraordinary and compelling circumstances to exist when presented with applications by defendants who had spent substantial time in prison and had demonstrated significant rehabilitation during that time, those courts also found a specific defect or inequity in the defendant's sentence."  R., Vol. 4 at 55.  The court cited an unpublished district court case, *United States v. Nafka*, 2021 WL 83268, at *4-5 (D. Utah Jan. 11, 2021), holding a defendant "met his burden of showing extraordinary and compelling

---

[4] Mr. Hassen also argues the district court's reasoning "goes against one of the [§] 3553[(a)] factors."  Aplt. Br. at 6.  He does not specify which factor.  But in any event, the district court did not base its denial of his second motion on the § 3553(a) factors.

8

reasons for his release" based upon "his young age at the time he committed his offenses, his rehabilitation in prison, his good character, the lengthy sentence imposed on him compared to his co-defendants, and Congress's amendment to [18 U.S.C.] § 924(c) that eliminated mandatory sentence stacking for charges in the same indictment." It found that, unlike the defendant in *Nafkha*, Mr. Hassen did not demonstrate "anything objectionable about the length of his sentence or any reason why his sentence would be less if imposed today." R., Vol. 4 at 55-56.

Mr. Hassen points to alleged sentencing disparities between him and his co-defendants, which he maintains the district court ignored in adjudicating his motion for compassionate release. He cites § 3553(a)(6), which requires a sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." And he asserts that he received a longer sentence even though half of his co-defendants had criminal histories, the leader of the conspiracy threatened to use violence to force him to continue selling drugs, and he claims he stopped dealing drugs before he was indicted.

We discern no error. We are not reviewing Mr. Hassen's sentence.[5] Rather, we are deciding whether the district court abused its discretion in concluding that Mr. Hassen's rehabilitation was not an extraordinary and compelling reason

---

[5] Notably, the record on appeal shows six of Mr. Hassen's co-defendants were sentenced to 200 months' imprisonment or more, and two co-defendants received 300 months' imprisonment or more.

justifying his compassionate release under § 3582(c)(1)(A)(i). The district court had the authority to determine for itself what constitutes extraordinary and compelling reasons. *See Maumau*, 993 F.3d at 834. Mr. Hassen's contentions fail to show the court abused its discretion in concluding his rehabilitation combined with the sentencing differences he alleged did not warrant his release.

### C.    Mr. Hassen's Disciplinary Record and Recidivism Risk

The district court concluded its analysis by finding Mr. Hassen's "minimal disciplinary record and his alleged low recidivism risk" did not justify compassionate release. R., Vol. 4 at 56. He contends the district court erred by mistakenly describing his clean disciplinary record as "minimal" and by stating his recidivism risk was "low" when it is "minimum." Mr. Hassen is correct. His contentions are supported by the record. *See* R., Vol. 5 at 16 (noting his "Risk Level" was "R-MIN" and he had "0" incident reports for 120 months). The problem is Mr. Hassen does not explain how these distinctions are material under the circumstances. Nor does he contend either that his clean disciplinary record or his minimum recidivism risk is, itself, an extraordinary and compelling reason for release. According to Mr. Hassen, he is clarifying these factual points for full consideration of his legal arguments. Given our analyses of Mr. Hassen's other contentions, however, we cannot conclude

the district court's factual errors as to his disciplinary record and his recidivism risk amount to an abuse of discretion requiring reversal.

## III.    Conclusion

Like the district court, we acknowledge the seriousness of Mr. Hassen's son's illness, the associated risk to his son should he contract COVID-19, and the family's burden from handling these challenging circumstances. But a district court has "substantial discretion" in determining whether to grant compassionate release under § 3582(c)(1)(A). *Hald*, 8 F.4th at 938 n.4. Here, we do not "have a definite and firm conviction that the [district] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Merritt*, 961 F.3d 1105, 1111 (10th Cir. 2020) (brackets and internal quotation marks omitted). We therefore affirm the district court's denial of Mr. Hassen's second motion for compassionate release.

Entered for the Court

Veronica S. Rossman
Circuit Judge